UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------x
KATHARINE BISCONE,

                Plaintiff,

  -against-                      MEMORANDUM AND ORDER
                                      09-CV-3533 (ILG)

JETBLUE AIRWAYS CORPORATION,

                Defendant.

---------------------------------------------x

GLASSER, United States Senior District Judge:

On February 13, 2008, the plaintiff Katharine Biscone ("Biscone") filed a summons with notice in state court directed at the defendant JetBlue Airways Corporation ("JetBlue"). A complaint was subsequently filed, on July 15, 2009, alleging several causes of action on behalf of Biscone and a proposed class of similarly-situated individuals arising out of an incident in which JetBlue passengers were detained on board airplanes for an extended period of time. JetBlue removed the action to this Court on August 13, 2009 and filed a motion to dismiss one week later. On September 10, 2009, Biscone filed a motion to remand the action to state court. Because this Court does not have jurisdiction to hear this case as it currently stands, the motion to remand is granted.

## FACTS[1]

On February 14, 2007, Biscone boarded JetBlue flight 351, scheduled to depart at 6:45 AM, at John F. Kennedy International Airport ("JFK"). The plane pulled away from the gate at

---

[1] Unless otherwise noted, all facts are drawn from Biscone's complaint.

1

approximately 6:50 AM. For the first five hours, passengers were confined to their seats while waiting for the plane to take off. After five hours, passengers were asked to inform JetBlue personnel if they wished to get off the plane, but passengers who did so were told that they could not and were threatened with criminal prosecution if they attempted to deplane. After approximately eight hours the aircraft's ventilation system shut down, and after ten hours the passengers were informed that the toilets were unusable because the tanks were full. At 5:30 PM, approximately eleven hours after boarding, the passengers were provided with shuttle buses to return to the terminal. Passengers were forced to wait another two hours for the return of their luggage. Biscone alleges that there were approximately 1300 passengers similarly affected by JetBlue's actions, including some passengers on international flights.

## DISCUSSION

### 1. Timeliness and Deficiency of Notice of Removal

As an initial matter, objections raised by Biscone to the timeliness of the notice of removal and to its formal deficiency have been considered and are without merit. In addition, given the determination of this motion they are superfluous.

### 2. Subject Matter Jurisdiction

#### a. Legal Standard

This Court has original jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Furthermore, 28 U.S.C. § 1367 allows this Court to exercise supplemental jurisdiction over state law claims that are part of the same case or controversy as the claims within this Court's original jurisdiction. A defendant in a civil action brought in state court, but within the district court's original jurisdiction, may remove that

action to federal court.  28 U.S.C. § 1441(a), (b).  Under 28 U.S.C. § 1447(c), if this Court at any time determines that it lacks subject matter jurisdiction, it must remand the case to state court. The motion to remand currently pending thus requires this Court to determine whether the action falls within this Court's federal question and supplemental jurisdiction as defined by §§ 1331 and 1367.

### b.  Federal Question Jurisdiction over Montreal Convention Claims

In her complaint, Biscone alleged that the claims of "class members who [sic] whose travel at JFK was part of an international trip" would be governed by the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, *reprinted in* S. Treaty Doc. No. 106-45, 1999 WL 33292734 (2000) ("Montreal Convention").  Compl. ¶ 66. JetBlue argues that these prospective class members' federal claims under the Montreal Convention provide a basis for removal to this Court.

It is beyond doubt that a claim brought under the Montreal Convention would normally be sufficient to invoke this Court's federal question jurisdiction.  "As a treaty of the United States, the [Montreal] Convention is considered federal law for subject matter jurisdiction purposes and is the supreme law of the land."  Best v. BWIA West Indies Airways Ltd., 581 F. Supp. 2d 359, 362 (E.D.N.Y. 2008); see also 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or *treaties* of the United States." (emphasis added)).

Biscone argues to the contrary, citing two cases from other jurisdictions, Serrano v. Am. Airlines, Inc., No. CV 08-2256 AHM (FFMx), 2008 WL 2117239 (C.D. Cal. May 15, 2008), and Narkiewicz-Laine v. Scandinavian Airlines Sys., 587 F. Supp. 2d 888 (N.D. Ill. 2008), for the

3

proposition that the Montreal Convention does not provide a basis for federal jurisdiction. These cases, however, are entirely inapposite. In each, defendants removed a case in which only state law claims had been pleaded, arguing that the Montreal Convention completely preempted those claims, and thus, the "complete preemption" doctrine provided a basis for federal jurisdiction. Serrano, 2008 WL 2117239, at *2; Narkiewicz-Laine, 587 F. Supp. 2d at 889. In each case, the court rejected the complete preemption argument and remanded.[2] Serrano, 2008 WL 2117239, at *3; Narkiewicz-Laine, 587 F. Supp. 2d at 890. In this case, however, JetBlue does not rely on complete preemption, but rather upon the explicit invocation of the Montreal Convention in Biscone's complaint.[3] Because the Montreal Convention does in fact provide a federal cause of action, a claim under the Montreal Convention presents a federal question sufficient to invoke federal jurisdiction.

### c. Supplemental Jurisdiction

Normally, under the supplemental jurisdiction statute, 28 U.S.C. § 1367, if federal question jurisdiction is satisfied by one cause of action, then the court may[4] exercise supplemental jurisdiction over other causes of action that are part of the same case or controversy — even causes of action asserted by different parties. This principle is equally applicable in class actions. In Denney v. Deutsche Bank AG, 443 F.3d 253 (2d Cir. 2006), the

---

[2] It is worth noting that other courts, including this one, have found complete preemption under the Montreal Convention. See, e.g., Singh v. N. Am. Airlines, 426 F. Supp. 2d 38, 45 (E.D.N.Y. 2006); see also Knowlton v. Am. Airlines, Inc., Civil Action No. RDB-06-854, 2007 WL 273794 (D. Md. Jan. 31, 2007) (finding complete preemption under the Montreal Convention, but noting circuit split).

[3] Biscone characterizes the complaint as "referenc[ing] damage limitations contained in the Montreal Convention" and citing the Montreal Convention only "as a potential damage limitation." Pl.'s Br. 6–7. The complaint, however, states that "the Montreal Convention of 1999 supersedes the [JetBlue] domestic contract of carriage as to liability for delays and provides for a damage liability limit of up to approximately $6,600 on a no fault basis." Compl. ¶ 66. This contemplates the Montreal Convention serving as a source of liability, *i.e.* a cause of action, not merely a damage cap. See Montreal Convention, art. 19 ("The carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo.").

[4] Even if supplemental jurisdiction exists, the district court may decline to exercise it according to the terms of § 1367(c). The state law claims would then be remanded under 28 U.S.C. § 1441(c).

Second Circuit held that when the district court has original jurisdiction over the claims of some named plaintiffs, it can exercise supplemental jurisdiction over class members who have only state law claims. Id. at 266–67; see also Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81, 94 (S.D.N.Y. 2001).

### d. Discussion

This case is distinguishable from Denny and Ansoumana in that the *named* plaintiff here does not have a federal cause of action. The Montreal Convention claims, which form the basis for JetBlue's removal of the case to this Court, are alleged only on behalf of prospective unnamed members of the proposed class. The question in the first instance is not one of supplemental jurisdiction, but rather whether the alleged federal claims of members of a class yet to be certified are sufficient to establish this Court's jurisdiction under § 1331.

As a general rule, until a class action is certified pursuant to Rule 23 of the Federal Rules of Civil Procedure, the claims of potential class members cannot be considered. Baxter v. Palmigiano, 425 U.S. 308, 310 n.1 (1976) ("Without such certification and identification of the class [under Rule 23], the action is not properly a class action."); Board of School Comm'rs of Indianapolis v. Jacobs, 420 U.S. 128, 129 (1975) (dismissing case when named plaintiffs' claims are moot and class was not properly certified); see also Bowens v. Atlantic Maintenance Corp., 546 F. Supp. 2d 55, 76 (E.D.N.Y. 2008) ("The unnamed class members are not technically part of the action until the court has certified the class; therefore, once the named plaintiffs' claims are dismissed, there is no one who has a justiciable claim that may be asserted."). Although

5

subsequent cases in both the Supreme Court[5] and the Second Circuit[6] have shown that this rule is not absolute, we need not decide its exact contours now.

In this case, Biscone lacks standing to raise the Montreal Convention claims. At least one named plaintiff must have standing with respect to each claim brought on behalf of a class. Comer v. Cisneros, 37 F.3d 775, 788 (2d Cir. 1994) ("For federal courts to have jurisdiction over any of these claims, only one named plaintiff need have standing with respect to each claim."). See also Griffin v. Dugger, 823 F.2d 1476, 1483 (11th Cir. 1987) ("[I]t is not enough that a named plaintiff can establish a case or controversy between himself and the defendant by virtue of having standing as to just one of many claims he wishes to assert. Rather, each claim must be analyzed separately, and a claim cannot be asserted on behalf of a class unless at least one named plaintiff has suffered the injury that gives rise to that claim."); Payne v. Travenol Laboratories, Inc., 565 F.2d 895, 898 (5th Cir. 1978) ("The fact that some members of the class may have had standing to raise this claim is irrelevant. . . . [T]he necessary requirement is for a named plaintiff to have standing at the time the litigation is filed." (internal quotations omitted, alterations in original)); In re Pfizer Inc. ERISA Litigation, No. 04 Civ. 10071(LTS)(JFE), 2009 WL 749545, at *5 (S.D.N.Y. Mar. 20, 2009). Although there is no question that Biscone has standing to raise her state law claims, because she is not an international traveler, the Montreal Convention has no application to her, and thus she has no standing to raise a claim under it.

---

[5] For example, in Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 612 (1997), and Ortiz v. Fibreboard Corp., 527 U.S. 815, 831 (1999), the Court allowed the consideration of class certification prior to determining Article III standing, because class certification was "logically antecedent" to Article III concerns. See also United States Parole Comm'n v. Geraghty, 445 U.S. 388, 404 (1980) (holding that an appeal reversing the denial of class certification will relate back to the date of the original denial).
[6] See Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291 (2d Cir. 2000) and Gilman v. BHC Sec., Inc., 104 F.3d 1418 (2d Cir.1997). In these cases, the court assumed the existence of a class action when considering whether plaintiffs' claims could be aggregated to meet the amount in controversy requirement.

There are currently no plaintiffs with standing to raise the Montreal Convention claims. Without the federal claims, this Court lacks subject matter jurisdiction, and the motion to remand must be granted.

## CONCLUSION

For the aforementioned reasons, Plaintiff's motion to remand is GRANTED.

SO ORDERED.

Dated:     Brooklyn, New York
           February 4, 2010

/s/
I. Leo Glasser
United States Senior District Judge

**Copies of the foregoing memorandum and order were electronically sent to:**

**Counsel for the Plaintiff**

Paul S. Hudson
4411 Bee Ridge Road #274
Sarasota, FL 34233

**Counsel for the Defendant**

Christine Tramontano
Holland & Knight LLP
195 Broadway
24th Floor
New York, NY 10007

Christopher G. Kelly
Holland & Knight LLP
31 West 52nd Street
New York, NY 10019

Judith R. Nemsick
Holland & Knight LLP
195 Broadway
New York, NY 10007